Battle, J.
 

 It was decided in the case of the
 
 Slate
 
 v.
 
 Robbins,
 
 9 Ired. Rep. 356, that in an indictment under the statute for trading with a slave, it is unnecessary to set forth the name of the owner. The question is now presented, whether if the name of the owner be stated, it is necessary to prove it as laid.
 
 We
 
 are clearly of opinion that it is.
 

 The name of the owner is a part of the description of the
 
 *486
 
 slave with whom the act of trading is alleged to have been committed. It may have been given to distinguish the slate from another of the same name, belonging to another person. If so, the proof must sustain the allegation, just as much as it would be necessary, in a case where the name of the owner was omitted, to prove that the trading was with a slave bearing the name stated in the indictment. It will readily be admitted that an indictment which charged the offense to have been committed with a slave named George, could not be sustained by proof that the defendant traded with a slave named Moses. The variance would be equally great if the slave were named as Moses the property of John Smith, and the proof was that the slave was named Moses, and that he was the property of Peter Smith. John Smith’s
 
 Moses
 
 and Peter Smith’s
 
 Moses,
 
 could no more be taken to be the same person than could George and Moses. If the difference between the name of the owner as charged, and as proved, were so small as not to alter the sound, it would be immaterial, and, therefore harmless, upon the doctrine of
 
 idem
 
 sonans, as we held in
 
 tlia State
 
 v.
 
 Houser,
 
 Busb. Rep. 410. In the case now before
 
 as, the
 
 utmost stretch of human ingenuity cannot make out that the name of E. A. Jenkins is the same either in sound, or in any other way with Urilla E. A. J. Jenkins, or Rosa E. A. J. Jenkins. The judgment must be reversed, and a
 
 venire de novo,
 
 awarded.
 

 Per Curiam, Judgment reversed.